IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

TOMMIE K. JONES, as the personal representative of the Estate of Arthur E. Jones, deceased;

Plaintiff,

vs.

UNION PACIFIC RAILROAD COMPANY,

Defendant.

8:19CV56

MEMORANDUM and ORDER

This matter is before the Court on the plaintiff's motion for reconsideration, Filing No. 21, of this Court's order dated January 3, 2020, dismissing the case without prejudice and inviting the defendant to apply for sanctions, Filing No. 20, and on the defendant's motion for attorney fees as a sanction for the plaintiff's failure to timely provide evidence of capacity to sue, Filing No. 24. This is an action for toxic exposure under the Federal Employer's Liability Act, 45 U.S.C. § 51, *et seq.*

In her Complaint, the plaintiff states that she is the widow of decedent Arthur Jones and the representative of his Estate. Filing No. 1, Complaint at 1-2. The defendant challenged that contention, raising affirmative defenses of lack of standing ant that plaintiff was not the real party in interest. Filing No. 7, Answer at 3. On April 25, 2019, the Court ordered the plaintiff to supply the defendant with copies of Letters of Administration by May 16, 2019. Filing No. 5. On July 23, 2019, the defendant filed a Motion to Dismiss and for Sanctions for failing to provide the Letters of Administration. Filing No. 13.

1

In moving for reconsideration, the plaintiff asserts that a dismissal will prejudice her in that the three-year statute of limitations will have run and she will be barred from pursuing the action. She also states that on September 8, 2019, plaintiff's counsel supplied the Defendant with a copy of the Letters Testamentary that had been issued on March 6, 2019. Filing No. 21, Motion at 1; Filing No. 23, Index of Evid., Ex. 1, Letters Testamentary. Nevertheless, in response to the present motion, the defendant stated on January 27, 2020, that plaintiff "still present[s] no letters of administration or other new evidence," Filing No. 25, Defendant's Brief at 4, and contends that "[e]ven though Plaintiff filed a motion for reconsideration of this Court's dismissal of her case, she has still not produced the letters of administration." Filing No. 26-1, Affidavit of Kyle Wallor at 2. Contrary to that contention, the relevant evidence of capacity to sue was filed with the plaintiff's motion to reconsider on January 13, 2020, and the plaintiff has supplemented the record with a showing that the Letters were produced to the defendants in September, 2019, in response to a request for production. Filing No. 28, Notice of Supplementation.

She has also shown that the defendant will not be prejudiced by reinstatement of the case because the Court extended discovery for other reasons. Filing No. 22, Plaintiff's Brief at 6; Filing No. 19, Progression Order. Also, the plaintiff explains that the delay in production was due to confusion between this action and another case involving a plaintiff with the same last name.[1] Filing No. 22, Brief at 6-7.

---

[1] That case, *Odessa Jones, as the Personal Representative of the Estate of James M. Jones, Deceased*, Case 8:18-cv-00178-JFB-CRZ, Filing No. 34 (D. Neb. Jan. 13, 2020) was dismissed on a joint stipulation of the parties.

Federal Rule of Civil Procedure 41(b) empowers courts to dismiss a plaintiff's lawsuit with prejudice for failure to prosecute or failure to comply with either the Federal Rules or a court order:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). "This power enables the district courts to ensure the expeditious handling of cases and to protect the rights of opposing parties to be free of prejudice caused by a litigant's dilatory conduct." *Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1260 (8th Cir. 1997). Dismissal with prejudice is "only . . . available for 'willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay.'" *Siems v. City of Minneapolis*, 560 F.3d 824, 826 (8th Cir. 2009) (quoting *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000)). Willful disobedience or intentional delay does not require a finding "that the [plaintiff] acted in bad faith, but requires 'only that he acted intentionally as opposed to accidentally or involuntarily.'" *Hunt*, 203 F.3d at 527 (quoting *Rodgers v. Univ. of Mo.*, 135 F.3d 1216, 1219 (8th Cir. 1998)). In considering this remedy, "[a] district court should weigh its need to advance its burdened docket against the consequence of irrevocably extinguishing the litigant's claim and consider whether a less severe sanction could remedy the effect of the litigant's transgressions on the court and the resulting prejudice to the opposing party." *Hutchins*, 116 F.3d at 1260.

The plaintiff acknowledges the production was untimely and agrees to sanctions in the amount of $2929.50. Filing No. 27, Response. The Court finds the dismissal with

prejudice is an exceedingly harsh sanction in view of the statute of limitations issue. It does not appear that the plaintiff's disobedience of the Court's orders was willful or that the delay was intentional. Because discovery in this action does not close until April 23, 2021, and the defendant will be compensated for its costs in connection with the motion, the defendant has not been prejudiced by the delay. Accordingly, the Court finds that the plaintiffs motion for reconsideration of this Court's order should be granted and this action should be reinstated. Therefore,

IT IS ORDERED:

1. Plaintiff's motion for reconsideration (Filing No. 21) is granted

2. This Court's order dated January 3, 2020 (Filing No. 20) is vacated,

3. The Clerk of Court is directed to reopen this case.

4. The defendant's motion for attorney fees as a sanction (Filing No. 24) is granted.

5. Sanctions in the amount of $2929.50 are assessed against the plaintiff and in favor of the defendant, due and payable as of the date of this order.

Dated this 3rd day of January, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge